

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 1 9 2013

CLERK, U.S. DISTRICT COURT
By_____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ALLEN G. WICKHAM, JR.,          §
                                §
          Plaintiff,            §
                                §
VS.                             §    NO. 4:12-CV-167-A
                                §
CAROLYN W. COLVIN, ACTING       §
COMMISSIONER OF THE SOCIAL      §
SECURITY ADMINISTRATION,        §
                                §
          Defendant.            §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the complaint of plaintiff,

Allen G. Wickham, Jr., filed under the authority of 42 U.S.C. §§

405(g) and 1383(c)(3), complaining of the denial by defendant,

Carolyn W. Colvin, Acting Commissioner of Social Security,

("Commissioner") of his application for supplemental security

income under title XVI of the Social Security Act. The court has

concluded that Commissioner's decision should be affirmed.

I.

Background

The administrative law judge ("ALJ") decided on August 30,

2011 that "based upon the application filed on August 12, 2009,

the claimant is not eligible for supplemental security income

under 32 U.S.C. § 1382 and 1382(c) of the Social Security Act".

R. at 42. The Appeals Council denied plaintiff's request for

review on March 6, 2012, and the August 30, 2011 decision of the ALJ became the final decision of Commissioner.  Id. at 1.

Plaintiff instituted this action on March 22, 2012 complaining of Commissioner's decision.  The matter was referred to the United States magistrate judge for proposed findings and conclusions and a recommendation for disposition.  The magistrate judge ordered that plaintiff's complaint be treated as an appeal from Commissioner's decision, and fixed a timetable for the filing of briefs.  Both sides timely filed briefs.  On May 10, 2013 the magistrate judge issued his proposed findings and conclusions and his recommendation ("FC & R") that the decision of Commissioner be affirmed.

On May 24, 2013 plaintiff timely filed objections to the FC & R.  By order signed May 28, 2013 Commissioner was ordered to file a response to plaintiff's objections by 2:00 p.m. on June 18, 2013.  The court is disappointed that Commissioner chose to violate that order.  However, the court has concluded that it does not need a response from Commissioner to make a fully informed ruling on plaintiff's objections to the FC & R.

II.

## Plaintiff's Objections to the FC & R

The magistrate judge found that any failure of the ALJ to apply the legal standard mandated by Stone v. Heckler, 752 F.2d

1099, 1101 (5th Cir. 1985),[1] was harmless.  Plaintiff's first
objection was that the magistrate judge erred because the ALJ
failed to apply the legal standard mandated by <u>Stone</u> in
evaluating whether plaintiff's impairments were severe and that
such failure was not harmless.  Plaintiff's second objection
complains, in effect, that the magistrate judge erred in failing
to conclude that the ALJ's credibility findings were not
supported by substantial evidence.

III.

<u>Analysis</u>

A.   <u>Basic Principles</u>

A guiding principle is that judicial review of a decision of
Commissioner of noneligibility is limited to two inquiries: (1)
whether Commissioner's decision is supported by substantial
evidence on the record as a whole and (2) whether Commissioner
applied the proper legal standards.  <u>See</u> <u>Anthony v. Sullivan</u>, 954
F.2d 289, 292 (5th Cir. 1992).  Substantial evidence is more than
a scintilla but less than a preponderance; it is "such relevant
evidence as a reasonable mind might accept as adequate to support
a conclusion."  <u>Ripley v. Chater</u>, 67 F.3d 552, 555 (5th Cir.

---

[1] The standard set forth in <u>Stone v. Heckler</u> is: "An impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." 752 F.2d 1099, 1101 (5th Cir.1985) (internal citations, quotations, and brackets omitted).

3

1995); <u>Greenspan v. Shalala</u>, 38 F.3d 232, 236 (5th Cir. 1994).

There will not be a finding of "no substantial evidence" unless

"there is a conspicuous absence of credible choices." <u>Harrell v.</u>

<u>Brown</u>, 862 F.2d 471, 475 (5th Cir. 1988) (per curiam).

The determination of whether there is substantial evidence

to support the fact findings of the Commissioner does not involve

reweighing the evidence, or trying the issues de novo. <u>Ripley</u>,

67 F.3d at 555.  The court cannot substitute its own judgment for

that of the Commissioner. <u>Neal v. Bowen</u>, 829 F.2d 528, 530 (5th

Cir. 1987) (per curiam); <u>Chaparro v. Bowen</u>, 815 F.2d 1008, 1010

(5th Cir. 1987) (per curiam); <u>Milam v. Bowen</u>, 782 F.2d 1284, 1286

(5th Cir. 1986).  The Commissioner, not the court, has the duty

to weigh the evidence, resolve material conflicts in the

evidence, and make credibility choices. <u>Carrier v. Sullivan</u>, 944

F.2d 243, 247 (5th Cir. 1991) (per curiam); <u>Carry v. Heckler</u>, 750

F.2d 479, 482 (5th Cir. 1985).  The court's role is to

"scrutinize the record in its entirety to determine whether

substantial evidence supports" the Commissioner's findings.

<u>Randall v. Sullivan</u>, 956 F.2d 105, 109 (5th Cir. 1992) (citing

<u>Ransom v. Heckler</u>, 715 F.2d 989, 992 (5th Cir. 1983) (per

curiam).  If supported by substantial evidence, the

Commissioner's findings are deemed conclusive, and the court must

accept them. <u>See</u> <u>Richardson v. Perales</u>, 402 U.S. 389, 390, 91 S.

Ct. 1420, 1422 (1971).   "The role of the courts in this quintessentially administrative process is extremely narrow and the Commissioner's decision is entitled to great deference." Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995); Lewis v. Weinberger, 515 F.2d 584, 586 (5th Cir. 1975).

Also basic is the claimant's burden of proof, as the Fifth Circuit reminded in Hames v. Heckler:

> It must be remembered that an individual claiming disability insurance benefits under the Social Security Act has the burden of proving her disability.  To meet her burden and establish disability under the Act, Plaintiff must prove that she is unable to engage in any substantial gainful activity.  Plaintiff must also establish a physical impairment lasting at least twelve months that prevents her from engaging in substantial gainful activity.

707 F.2d 162, 165 (5th Cir. 1983) (per curiam) (citations omitted).  See also Mays v. Bowen, 837 F.2d at 1364; Shearer v. Astrue, 2008 WL 5136949, at *3, No. 4:07-CV-552-A (N.D. Tex. Dec. 5, 2008).

Particularly pertinent to the decision in this action are the harmless-error principles articulated by the Fifth Circuit in the Audler and Morris decisions cited by Commissioner in his response to the FC & R.   FC & R at 8-9.   As the Fifth Circuit made clear, procedural perfection is not required, and an adjudication of Commissioner is not to be vacated unless a substantial right of the claimant has been adversely affected.

The Fifth Circuit explained, "[t]he major policy underlying the harmless error rule is to preserve judgments and avoid waste of time." Mays, 837 F.2d at 1364. See also Carter v. Massey-Ferguson, Inc., 716 F.2d 344, 349 (5th Cir. 1983); Gulf States Utils. Co. v. Ecodyne Corp., 635 F.2d 517, 519-20 (5th Cir. 1981).

B.   The *Stone* Issue

The magistrate judge correctly concluded that the harmless error rule applied to cause plaintiff not to gain any comfort from the failure, if there was one, of the ALJ to apply the Stone standard in evaluating at step two whether plaintiff's impairments were severe. The court has dealt with this legal issue in several of its earlier opinions, including the opinion in Jones v. Astrue, 851 F.Supp.2d 1010, 1015-1018 (N.D. Tex. 2012). The court adopts here by reference from the Jones opinion the court's discussion on that subject. The court's ruling has been validated by the Fifth Circuit in its opinion in Taylor v. Astrue, 706 F.3d 600, 603 (5th Cir. 2012) (per curiam).

Therefore, the court adopts the magistrate judge's conclusion that any failure of the ALJ to properly apply the Stone standard was harmless error from which plaintiff gains no benefit. While the court adopts the conclusion of the magistrate

judge on that subject, the court does not adopt the reasoning used by the magistrate judge to reach that conclusion.

For the reasons stated above, the court concludes that plaintiff's first objection to the FC & R is without merit.

C.   Plaintiff's Second Objection--The ALJ's
     Credibility Findings

The court is satisfied with the magistrate judge's handling of issues related to the credibility findings of the magistrate judge.  The court finds no reason to elaborate on that subject, and here adopts the findings and conclusions proposed by the magistrate judge on the subject of credibility findings of the ALJ.

D.   Conclusion

For the reasons given above, the court adopts the recommendation of the magistrate judge and concludes that the decision of Commissioner should be affirmed.

IV.

Order

For the reasons given above, the court affirms the decision of Commissioner that, based on the application filed on August 12, 2009 by plaintiff, plaintiff is not eligible for supplemental

security income under 42 U.S.C. §§ 1382 and 1382(c) of the Social

Security Act.

SIGNED June 19, 2013.

_____
JOHN McBRYDE
United States District Judge